**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ROGER D. STATON**, | : |
| *Plaintiff,* | : |
| | :    Case No. 1:24-cv-592 |
| v. | : |
| | :    Judge Jeffery P. Hopkins |
| **DOMINICK PERRONE,** *et al.*, | : |
| *Defendants.* | : |
| | : |

---

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

---

This matter is before the Court on the Report and Recommendations of Chief Magistrate Judge Bowman (Doc. 19). The Magistrate Judge recommends that Defendant Ronald Dennis Vance's Motion to Dismiss (Doc. 4) be granted. Plaintiff Roger Staton objects to the Report and Recommendations (Doc. 21). Defendant Vance filed an untimely Response in Opposition to Staton's objections (Doc. 24), which the Court will consider for reasons explained below. Having considered *de novo* each aspect of the report to which Plaintiff Staton has specifically objected, the Court **ADOPTS** the Report and Recommendations and **DISMISSES** Plaintiff Staton's claims against Defendant Vance.

Also before the Court is Plaintiff Staton's Motion to Amend his complaint to supplement the factual predicate (Doc. 39). As to Defendant Vance, the Motion to Amend the complaint is denied on grounds of futility. As to the remaining defendants, the Motion to Amend the complaint (Doc. 39) is **GRANTED** for reasons stated below. Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 47) remains under advisement.

**I.      BACKGROUND**

This case arises from a road-rage incident in Lebanon, Ohio, among neighbors.[1] On August 1, 2024, Staton was riding his bicycle in his neighborhood in Lebanon when a truck passed close by him, Compl., Doc. 3, ¶¶ 1–5, then cut in front of him so that he needed to brake to avoid a collision. *Id.* ¶ 6. Shortly thereafter, Staton encountered the driver of the truck, Dominick Perone, standing next to his truck, *id.* ¶ 10, and decided to confront him. *Id.* ¶ 11. Things went from bad to worse. According to Staton's complaint, he told Perrone, "You came awfully close to me down there," *id.* ¶ 11, to which Perrone responded, "Fuck you, get out of the middle of the road." *Id.* ¶ 12. Matters continued to escalate. Staton said, "I know where you live and I'm filing a complaint with the police," and—according to Staton's complaint—Perrone responded, "What the fuck are you talking about, come back here and I'll beat your ass." *Id.* ¶¶ 13–14. Thereafter, Staton mounted his bicycle and rode off, but the altercation wasn't over. According to Staton, Perrone gave chase in his truck and threatened that he had a gun. *Id.* ¶¶ 18–25.

When he caught up, Perrone got out of his vehicle to confront Staton on foot.  Staton says that he intended to bicycle home, but when he saw Perrone get out of his truck, Staton stopped and pulled his bicycle onto the sidewalk. *Id.* ¶ 27–28. This was in front of 335 Summit Street. *Id.* ¶ 28. As Perrone approached, Staton started yelling, drawing neighbors out of their houses, including the residents of 335 Summit Street. First, a female resident of 335 Summit came out and told Staton to "get off her sidewalk." *Id.* ¶ 34. Then, another bystander, Vance, who also lives at 335 Summit Street, walked out of the house. *Id.* ¶ 36. According to Staton, Vance started waving his arms, told Staton to get off his sidewalk, and called him an

---

[1] Because this case is at the Motion to Dismiss stage, this account of the background comes from Mr. Staton's complaint.

"asshole," walking toward him but stopping "three to four feet" away from Staton. *Id.* ¶¶ 36–37. Subsequently, Lebanon Police arrived at the scene. The Police told Vance and the woman at 335 Summit to move away from Staton. *Id.* ¶ 41.

Staton had no further interaction with Vance or the woman at 335 Summit. Eventually, Staton sued Perrone, Vance, the city of Lebanon, and two Lebanon police officers over the encounter in the Warren County Court of Common Pleas, alleging various tort claims as well as a claim under 42 U.S.C. § 1983 against the City of Lebanon defendants. Compl., Doc. 3. The only claim brought by Staton against Vance alleged assault. Doc. 3, ¶¶ 175–201. The City of Lebanon defendants removed the case to federal court on October 17, 2024. Doc. 1. On October 23, 2024, Vance filed the motion to dismiss presently under consideration. Doc. 4.

On April 1, 2025, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that Defendant Vance's Motion to Dismiss (Doc. 4) be granted. Doc. 19. The R&R included a notice that the parties would have fourteen days to file objections, and then fourteen days following receipt of those objections to file any responses to the objections. Plaintiff Staton timely filed Objections to the R&R (Doc. 21), but Vance failed to file his Response to those objections until 20 days following the filing of Staton's Objections. *See* Doc. 24. Later, Plaintiff Staton moved to strike Defendant Vance's Response as untimely. Doc. 25.

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    LAW AND ANALYSIS

A.  Whether the Court may consider Defendant Vance's Response

The Court first assesses whether it may consider Defendant Vance's untimely Response to Plaintiff Staton's objections. Counsel for Vance concedes that his Response was late but contends the filing should be accepted because doing so would not prejudice either party. Doc. 27, PageID 326. Predictably, Staton maintains that the filing should be rejected as untimely but does not identify any prejudice he will suffer if the Court considers the Response. Doc. 28.

There is no strict bar on considering untimely pleadings responsive to a Report & Recommendations. *Patterson v. Mintzes*, 717 F.2d 284, 287 (6th Cir. 1983). The Court's power to extend the deadline for filing pleadings related to objections "preserves the opportunity to render a more fully informed opinion and thereby effectively discharge its judicial responsibilities." *Id. See also United States v. Agyeman*, No. 3:21-cr-9, 2021 WL 4823266, at *1 (E.D. Ky. Oct. 15, 2021) ("*Patterson* makes clear that the Court can choose to consider untimely objections.").

Here, the Court agrees with Vance. No party will be prejudiced by the Court considering Vance's six-day-late Response. Considering the slightly overdue Response filed by Defendant Vance in this instance enables the Court to "render a more fully informed opinion and thereby effectively discharge its judicial responsibilities." *Patterson*, 717 F.2d at 287. Based on the foregoing, the Court may consider Defendant Vance's untimely Response to Plaintiff Staton's Objection to the R&R. As such, Plaintiff Staton's Motion to Strike

Response (Doc. 25) is **DENIED**. Similarly, Defendant Vance's Motion for an Extension of Time to respond to Plaintiff Staton's Objection (Doc. 27) is **DENIED AS MOOT**.

                B.   Objections to Report and Recommendations

     i.     Assault

Next, the Court turns to the task of evaluating *de novo* those portions of the Report and Recommendations objected to by Plaintiff Staton. Staton proffers nineteen numbered objections. Doc. 21. The Court will first consider Staton's objections related to the recommended disposition of his assault claim against Vance. The Court will then consider Staton's objections related to other claims against Vance.

Staton contends that the Report & Recommendation "places the Magistrate in the position of trier of fact" in concluding that Staton has not adequately pleaded assault. Doc. 21, ¶ 2. As to the elements of the offense of civil assault, Staton argues that Ohio courts have defined it as "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Id.* ¶ 13 (quoting *Badders v. Century Ins. Co.*, 2019-Ohio-1900 (2d Dist.). Staton maintains that he adequately pleaded assault because he claimed he was "in apprehension and fear of an assault and injury and that Defendant Vance, by his actions and anger, reasonably appeared to have the ability and the intent to assault [him]." Doc. 21, ¶ 14. In Staton's view the type of intent required for assault is an "open question" and he adequately pleaded the level of intent necessary for assault because he claimed Vance "was aggressive in his body approach, that he came dangerously close to Plaintiff in a fit of anger, that he tried to argue with the police when ordered away and that he was cursing and flailing his arms while standing over Plaintiff who was straddling a bicycle." *Id.* ¶ 16. Staton further notes that the incident was captured on video and contends

that it is inappropriate to dismiss his assault complaint on a cold record when the trier of fact could instead watch the video and determine if Staton has a valid assault claim against Vance. *Id.*

At the outset, the Court notes that when evaluating Staton's Objections, it can only consider factual allegations Staton makes in his Complaint. That is to say, Staton cannot add factual allegations in his Objections. The function of the Motion to Dismiss is to test the sufficiency of the complaint as pleaded. *See Nationwide Children's Hosp. v. Raymath Co.*, No. 3:23-cv-44, 2025 WL 27163, at *2 (S.D. Ohio Jan. 3, 2025) ("[O]nly well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss.").

In his complaint, Staton made the following factual allegations as to Vance. He claims first that Vance came out of his house, "started waving his arms and telling [Staton] to get off 'his sidewalk.'" Compl., Doc. 3, ¶ 36. Staton further claims that Vance then called him "an 'asshole' and aggressively came up to [Staton] within about three to four feet of where [he] was standing on the sidewalk." *Id.* ¶ 37. In a separate part of his complaint, Staton claims that Vance "came charging through the yard" toward him, *id.* ¶ 185, and later "hover[ed] over" him." *Id.* ¶ 186. Staton also asserts that Lebanon police arrived "while Vance was aggressively moving toward" Staton and ordered Vance to stay away from Staton. *Id.* ¶ 188.

"A cause of action for civil assault involves 'the intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact." *Hopkins v. Columbus Bd. of Educ.*, 2008-Ohio-1515, ¶ 29 (10th Dist.) (quoting *Batchelder v. Young*, 2006-Ohio-6097, n.3 (11th Dist.)). Further, "[t]he threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. An essential element of the tort of assault is that

the actor knew with substantial certainty that his or her act would bring about harmful or offensive contact." *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406 (10th Dist. 1993).

In the R&R, the Magistrate Judge properly concluded that Staton did not adequately plead these elements. The Magistrate Judge held that Staton failed to allege that Vance threatened to harm him—either by his words or actions—and also failed to allege that Vance intended that Staton "be put in apprehension of physical contact by Vance." Doc. 19, PageID 271. The R&R further concluded that Staton alleged no verbal threats, and determined that Staton's allegations of Vance's physical actions alone—i.e. charging out of his house, waving his arms, hovering over Staton, and approaching him to a distance of three or four feet away— were insufficient to state a claim for assault. *Id.* Because there was no alleged verbal or physical threat, or attempt by Vance to harm Staton, there is no triable assault claim.

Staton's objection that Vance "by his actions and anger, reasonably appeared to have the ability and the intent" to assault him, Doc. 21, ¶ 14, misses the mark. For his claim to survive a motion to dismiss, Staton must allege more than that—he must allege that Vance did, in fact, commit the tort of assault, not only that he had the ability to commit that tort.

Further, Staton's statement that the intent required for assault under Ohio law is an "open question" misapprehends the rule. Instead, "[l]iability for assault requires that the actor actually intend to place another in apprehension of a harmful or offensive contact." *Gerber v. Veltri*, 203 F.Supp.3d 846, 852 (N.D. Ohio Aug. 24, 2016). The intent requirement under Ohio law is well-established, and Staton failed to plead intent adequately to survive a motion to dismiss.

Additionally, assault requires that the actor intend to the place the other in apprehension of offensive contact that is *imminent*. Staton's allegations do not meet this

standard. Staton alleges that Vance called him an "asshole" but not that he made any verbal threat to cause harm to Staton. Staton further claims that Vance "charg[ed]" through his yard, waved his arms, and hovered over Staton from a distance of 3 to 4 feet, but these allegations do not make out a claim that Vance intended to make Staton fearful of *imminent* contact. *See Brooks v. Lady Foot Locker*, 2005-Ohio-2394, ¶ 21 (9th Dist. 2005) (upholding directed verdict for defendant where record contained "no evidence of a willful threat or attempt to harm or touch [plaintiffs] offensively.").

The cases to which the Magistrate Judge relied upon in reaching her decision in the R&R are apt. In *Greer v. Harreld*, the court dismissed a claim similar to what is alleged here— an argument in which one party arrives at another party's property, and the property owner comes out of his house and walks toward the other party, telling him to leave but never making a movement as if to strike him. No. 2:24-cv-1237, 2025 WL 27380, at *9 (S.D. Ohio Jan. 3, 2025). *Greer* is particularly relevant because plaintiff provided a video of the alleged assault that showed conduct similar to what Staton alleges here. The video shows defendant walking toward plaintiff, pointing his finger at him, and saying "get back in the [expletive] car right now." *Assault and battery by Mike Harreld*, https://youtu.be/kaYyDn37uZ0 (YouTube, June 18, 2022). The court concluded that the video "only show[ed] [defendant] walking toward [plaintiff] and telling him to leave the property – [defendant] did not verbally threaten [plaintiff] with harm, did not move aggressively or raise his hand or arm as if to strike [plaintiff], and did not otherwise come into contact with [plaintiff]." *Greer*, 2025 WL 27380 at *9. Here, Staton has alleged a very similar altercation: a heated verbal exchange in which one party moves toward another in an effort to get the other to leave a property. Here, as in *Greer*, such an altercation does not give rise to liability for civil assault.

*Braun v. Ultimate Jetcharters, Inc.*, No. 5:12-cv-1635, 2013 WL 623495 (N.D. Ohio Feb. 19, 2013), supports this same point. In that case, the court dismissed an assault claim where plaintiff alleged that defendant "threatened[] and screamed at her for twenty minutes" but provided "no basis for inferring that it was physically threatening." *Id.* at *14.

The fact that a video is available of the confrontation at issue does not change the Court's conclusion, as Staton argues it should. *See* Doc. 21, ¶ 19. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This is the case regardless of what other evidence may exist to corroborate plaintiff's claims or defendant's defenses. Considering only the allegations in plaintiff's complaint, the Magistrate Judge rightly concluded that Staton failed to adequately plead an assault claim.

Fundamentally, the tort of assault in Ohio requires a threat or attempt to inflict harm on another person. Because Plaintiff Staton does not allege that Defendant Vance verbally threatened him with harm and claims that he only got within "three or four feet" of him—not closer—he has not stated a claim for assault. Compl., Doc. 3, ¶ 37. He has not alleged that Vance threatened him, either in word or deed, nor has he alleged that Vance attempted to inflict harm on him. *Compare Raess v. Doescher*, 883 N.E.2d 790, 794 (Indiana 2008) (upholding jury verdict for plaintiff on assault claim where defendant "aggressively and rapidly advanced on the plaintiff with clenched fists, piercing eyes, beet-red face, popping veins, and screaming and searing at him" then backed plaintiff up against a wall).

ii.    Other claims

The Magistrate Judge also recommends that any other claims by Staton against Vance should be dismissed because Staton's complaint pleaded only an assault claim against Vance; he cannot assert a new claim in his objections to the Magistrate Judge's R&R. *See* Doc. 19, PageID 274. On May 29, 2025, Staton sought leave to amend his complaint, Doc. 39, but his new complaint again alleges only assault by Vance. *See id.*, PageID 384–87. Under the circumstances, the Court will **ADOPT** the Magistrate Judge's R&R granting dismissal of Staton's non-assault claims against Vance on the grounds that Staton has only pleaded assault against Vance. Neither Staton's original complaint, nor his amended complaint, includes among its numbered counts any claims against Defendant Vance other than assault. Accordingly, any other claims Staton may want to assert are not properly pleaded and are properly dismissed.

Plaintiff Staton's objections related to these possible additional claims do not change the Court's conclusion that the claims are not properly pleaded. Accordingly, those objections are **OVERRULED.**

### C.  Motion to Amend

Staton has also filed a Motion to Amend his complaint. Doc. 39. Staton contends that he seeks to amend the complaint in order to "make[] some factual changes resulting from limited discovery obtained and . . . add[] additional pleading details" and to comply with federal court pleading rules. Doc. 39, PageID 355. For ease of consideration, Staton attached his proposed amended complaint to his Motion.

Under Rule 15, a party may amend its pleading as a matter of course no later than 21 days after serving its complaint. Otherwise, a party may only amend with the consent of the opposing party or with the Court's leave. The Court is to grant leave "when justice so

requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, factors the Court considers include: "whether there was 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 414 (6th Cir. 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)).

In the case of Vance, an amendment to the complaint would be futile. Staton's proposed amended complaint makes substantively the same allegations against Vance as were made in the original complaint. *Compare* Doc. 3, ¶¶ 33–42, 175–201 *with* Doc. 39, ¶¶ 33–43, 180–202. These allegations are properly dismissed for the reasons explained above. Accordingly, Mr. Staton's Motion to Amend is **DENIED** as to Vance.

As to the remaining defendants, the *Foman* factors counsel in favor of granting leave to amend. Notable in this connection, Staton's motion to amend was filed within the deadline for seeking leave to amend set in the scheduling order in this case (Doc. 33). The Court thus finds no undue delay on Staton's part. Additionally, only Vance objected to Staton's motion to amend; the Court concludes that none of the remaining defendants would suffer undue prejudice as a result of amendment. For these reasons, Staton's Motion to Amend is **GRANTED** as to Defendants Perrone, City of Lebanon, Hounsell and Haller.

### IV.    CONCLUSION

For the reasons stated, Plaintiff Staton's Objections (Doc. 21) to the R&R (Doc. 19) are **OVERRULED**. Further, Staton's Motion to Amend (Doc. 39) is **DENIED** as to Defendant Vance. Accordingly, Vance's Motion to Dismiss (Doc. 4) is **GRANTED** and the Clerk is directed to terminate him from this case.

Staton's Motion to Amend (Doc. 39) is **GRANTED** with respect to all other defendants. Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 47) remains under advisement.

**IT IS SO ORDERED.**

July 15, 2025

Jeffery P. Hopkins
United States District Judge